*564 OPINION.
Phillips :
With respect to the issue involving invested capital, it is alleged that the Commissioner erred in disallowing $90,943.84, the amount of the profit of the business for six months during most of *565 which time the business was conducted by the predecessor partnership. The amount seems to have been disallowed without any reason other than that it had been charged off the books. The Commissioner does not now contend that the profits of the business from January 1, 1904, to July 1,1904, may not be included in the invested capital, either as assets paid in for stock or as earned surplus. His present contention is more fundamental; namely, that the assets received in exchange for stock did not have a value equal to the par value of the stock. His counsel points out that the interest of Jacobs was appraised at $174,597.13, without giving any value to good will; that such interest was acquired for $165,000 and that for an equal interest owned by Yan Zandt the company issued to him stock of the par value of $279,200. He contends that this sale of Jacobs’ interest, made in a transaction between parties dealing at arm’s length, demonstrates that the assets had no value in excess of that at which the tangibles were carried on the books and also fixes the market value of the same interest acquired from Yan Zandt. The contention appears to be sound. The question before us is not whether the profits of the business, whether earned before or after the purchase by the corporation, may be included in the invested capital, but whether the assets paid in for stock had a value in excess of the amount allowed by the Commissioner. There is nothing in the evidence which leads us to believe that they had; in fact, so far as there is evidence, it would lead us to believe that invested capital has been overstated.
At the close of the hearing counsel for the respondent moved to amend his answer to conform to proof that invested capital had been overstated. While the proof indicates that such may have been the case, it is too indefinite to permit us to determine that such was the case, or to determine the correct invested capital. The motion is, therefore, denied.
Upon the question of affiliation the record is clear that except for 1,098 shares of the preferred stock of the petitioner in the hands of those not in the family group, the stock of both companies was controlled by the same interests. This outstanding preferred stock had paid its regular dividend since the organization of the company and the holders appear to have been satisfied to leave the conduct of the company with those who had made this possible. It represented something less than 22 per cent of the voting rights in the petitioner corporation. It was interested in the business only to make certain that its dividends were assured. It was first sold through the petitioner’s bank. It was listed on no exchange. All the circumstances indicate that it was held for investment. Without objection, these stockholders permitted the two companies to be operated substan *566 tially as one. It must be assumed that they did not regard this as in derogation of their own interests. On the liquidation of the Burt Shirt Co. they permitted its losses to be paid by the petitioner. The circumstances indicate that both the common and preferred stockholders must have regarded the two corporations as one business enterprise in which all were interested, either directly or indirectly. It is our opinion that the petitioner and the Burt Shirt Co. are properly to be considered as affiliated corporations, and that the respondent erred in failing to compute their taxes on the basis of a consolidated return.
Reviewed by the Board.
Decision will he entered on 20 days’ notice, under Rule SO.